**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:  LA BELLA CHARTERS, INC.**

---

**BANK OF AMERICA,**
       **Appellant,**

-vs-                  **Case No.  6:06-cv-1552-Orl-31**

**LA BELLA CHARTERS, INC.,**
       **Appellee.**

---

                     **Consolidated with**

**IN RE: JOSEPH J. JACOBONI**

---

**BANK OF AMERICA,**
       **Appellant,**

-vs-                  **Case No.  6:06-cv-1553-Orl-31**

**JOSEPH J. JACOBONI.,**
       **Appellee.**

---

## ORDER

In these consolidated cases, Bank of America ("BOA") appeals the denials of its motions to change venue to the United States District Court for the Southern District of Florida.

**I.     Background**

La Bella Charters, Inc. ("La Bella"), was owned by Joseph Jacoboni ("Jacoboni"), who also served as its president. (Doc. 14 at 10).[1] La Bella and Jacoboni executed a promissory note and mortgage in favor of BOA. (Doc. 14 at 10). In February 2004, BOA filed a foreclosure action against La Bella and Jacoboni in the United States District Court for the Southern District of Florida. (Doc. 14 at 10). After a foreclosure sale failed to generate enough proceeds to pay off the joint debt, the court entered a $1.6 million deficiency judgment against Jacoboni and La Bella.

Additionally, Jacoboni and a trust he controlled (the "Jacoboni Trust") jointly owed BOA a debt of approximately $4.3 million. (Doc. 14 at 11). BOA filed suit in Seminole County Circuit Court to foreclose on real property in that county that was controlled by Jacoboni and the trust. (Doc. 14 at 11). The property was sold in April 2005, but the proceeds were not enough to cover the debt to BOA, resulting in a deficiency judgment against Jacoboni and the Jacoboni Trust. (Doc. 14 at 12). BOA attempted to take Jacoboni's deposition in aid of execution on that judgment. But on June 21, 2006 – the day the deposition was to take place – Jacoboni filed Chapter 7 petitions on behalf of himself and La Bella in this district. (Doc. 14 at 13).

In July 2006, La Bella filed motions to transfer both cases to the Southern District. (Doc. 14 at 17). On September 7, 2006, after a hearing, the Bankruptcy Court denied the motions. (Doc. 6-5).

---

[1] Unless otherwise noted, all docket citations are to the docket in the La Bella case, Case No. 6:06-cv-1552.

**II.     Standards**

Venue for bankruptcy cases is governed by 28 U.S.C. § 1408, which provides that a case under the Bankruptcy Code may be commenced in the district court for the district

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under Title 11 concerning such person's affiliate, general partner, or partnership.

Under 28 U.S.C. § 1412, a district court may transfer a case under the Bankruptcy Code to another district "in the interest of justice or for the convenience of the parties." The District Court reviews orders on motions to transfer venue for abuse of discretion. *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239 (5th Cir. 1979) (construing equivalent provision of former Bankruptcy Act).[2]

**III.    Analysis**

La Bella contends that it properly commenced its bankruptcy case in this district because its primary place of business was always located in Seminole County. (Doc. 13-6 at 10). Jacoboni contends that he properly commenced his own case here pursuant to 28 U.S.C. § 1408(b) because the affiliated case of La Bella had been filed here. (Doc. 14 at 19). BOA does not challenge

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Jacoboni's contention that he is properly considered an affiliate of his company, La Bella, for purposes of 28 U.S.C. § 1408(b).

BOA argues that the Bankruptcy Court abused its discretion in denying the motions to transfer. Specifically, BOA argues that it demonstrated to the Bankruptcy Court "by a preponderance of the evidence that the factors considered in determining whether venue is proper as applied to the undisputed facts of the case support a change in venue to the Southern District of Florida, and thus a transfer would be in the interest of justice and for the convenience of the parties." (Doc. 14 at 18). BOA misapprehends the abuse of discretion standard. Under this standard – as BOA itself points out in its brief (Doc. 14 at 18) – a bankruptcy court's order will stand "unless the record contains no evidence on which the court could rationally rely or if no reasonable person could agree with the decision." *In re PDP*, 2006 WL 2437101 1, 1 (N.D. Ill. 2006). Simply showing that a preponderance of the facts support a transfer falls far short of demonstrating that the court abused its discretion in failing to order one.

Moreover, despite its claims, BOA has not made such a showing. BOA contends that from La Bella's inception until its September 2005 dissolution, its principal place of business was "P.O. Box 251888, Tamarac, Florida" – a Broward County address[3] – presumably because that address was listed on its records with the Florida Department of State. BOA does not explain why the Bankruptcy Court was compelled to find that La Bella's principal place of business was a post office box rather than, for example, an actual office – such as the ranch in Lake Mary that Jacoboni testified always served as La Bella's principal place of business. Doc. 13-33 at 10. A

---

[3]Broward County falls within the Southern District.

corporation's principal place of business "is the place where general supervision is given." *In re Newport Creamery, Inc.*, 265 B.R. 614, 617 (Bankr.M.D.Fla. 2001).

BOA also points out that Jacoboni signed La Bella's 2005 tax return shortly after it filed for bankruptcy and, in doing so, listed an address of "2100 N. Ocean Blvd., Ft. Lauderdale, Florida, Broward County."  (Doc. 14 at 22).  Aside from the appearance of this address on one post-filing document, BOA offers nothing to suggest that "general supervision" was given at this address or that there is any other basis for finding that this was La Bella's principal place of business in the six months preceding its filing.  Even if it had, Jacoboni's testimony that he conducted La Bella's business at the ranch in Seminole County is enough to support a contrary conclusion by the Bankruptcy Court.

The same holds true for the remainder of BOA's contentions, such as that the only asset listed by La Bella in its schedules is a lawsuit pending in Broward County Circuit Court, and that all three of the creditors listed in La Bella's bankruptcy schedules have offices in Broward County. (Doc. 14 at 22-23).  The Court doubts that, even when added together, these facts constitute a preponderance of the evidence on the issue of whether La Bella should have filed in the Southern District.  But even if that were the case, the Bankruptcy Court's decision to the contrary was supported by Jacoboni's testimony regarding his Seminole County ranch and therefore was not an abuse of discretion.

Finally, BOA claims that it presented evidence to the Bankruptcy Court that a transfer would promote "efficient administration of the estate, judicial economy, timeliness and fairness" because "parties, witnesses, and physical assets in question are located in South Florida."  (Doc. 14 at 24-25).  However, BOA has not pointed to any such evidence in the record on appeal, and

therefore this Court is not in a position to assess that claim.  The Chapter 7 Trustee did not oppose having these estates administered in Central Florida rather than South Florida, and the Court's review of the record has not uncovered any evidence tending to show that the estate or any creditor will suffer material prejudice as a result.

**IV.     Conclusion**

BOA has failed to show that the Bankruptcy Court abused its discretion in failing to order a transfer to these cases to the United States District Court for the Southern District of Florida.  It is therefore **ORDERED** that the decisions of the Bankruptcy Court in these consolidated cases are **AFFIRMED**.  The Clerk is directed to close these files.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 25, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party